# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CLINT HOPPER,<br><br>        Plaintiff,<br>v.<br><br>FIRST ADVANTAGE<br>BACKGROUND SERVICES CORP.,<br><br>        Defendant. | Case No. 1:20-cv-01935-AT-AJB |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE (ECF 81) TO PLAINTIFF'S MOTION TO STRIKE CERTAIN PARTS OF THE DECLARATION OF REBECCA IEZZI (ECF 76-6)**

COMES NOW Plaintiff Clint Hopper ("Plaintiff") and respectfully submits this Reply Brief in support of his Motion to Strike ("Motion to Strike") Certain Parts of the Declaration of Rebecca Iezzi filed by First Advantage Background Services Corp. ("Defendant") in support of its Motion for Summary Judgement.

Specifically Plaintiff's Motion to Strike requests that the Court strike from the record paragraphs 7 and 8 of the Declaration of Rebecca Iezzi ("RI Declaration")(ECF 53-5).

1

The RI Declaration states at paragraph 7:

Because Plaintiff's criminal background report included information about a recent conviction (September 2017) for a crime of violence (domestic battery), System One determined that Plaintiff did not meet the client's hiring guidelines and could not continue to work at the client's job site.

The RI Declaration states at paragraph 8:

First Advantage's criminal background report indicated that Plaintiff's domestic battery conviction was either a felony or a misdemeanor. Because domestic battery is a crime of violence, the applicable hiring guidelines would have excluded Plaintiff from consideration in either case.

That following material facts in this case are uncontroverted: (1) Plaintiff was terminated by his employer System One due to the criminal history on his consumer report ("Report"), (2) the Report contained two (2) misdemeanor convictions and one (1) *erroneous* felony conviction (hereinafter "Felony Conviction") and (3) System One terminated Plaintiff in accordance with DTE's Energy hiring guidelines ("Hiring Guidelines") which require "ALL convictions for misdemeanors or felonies [] be reviewed [] to determine whether the criminal conviction disqualifies the worker from on [DTE Energy's] project". ECF 53-14 at 2 (copy of DTE guidelines) at ¶D.

In adjudicating an employee's criminal history to determine if he/she is disqualified from employment System One applies the client hiring guidelines as well as the EEOC guidelines. (Rebecca Iezzi Deposition p. 122: 11 – 16).

2

System One does not have its own guidelines but applies the EEOC's guidelines. (Rebecca Iezzi Deposition p. 151: 6 – 9). Despite System One applying the EEOC guidelines to criminal convictions Ms. Iezzi never received formal training in their application. When presented with a copy of the EEOC's "Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions under Title VII of the Civil Rights Act" Ms. Iezzi testified that she didn't recall if she had ever seen, or received, a copy of this document. (Rebecca Iezzi Deposition p. 152:20 – 153:23). In addition, she couldn't recall if she had received training on these EEOC guidelines. (Rebecca Iezzi Deposition p. 153:25– 154:16). Most importantly, throughout the entirety of her deposition Ms. Iezzi failed to articulate how any factor(s) and/or which factor(s) applied to adjudication of Plaintiff's Report resulting in his termination.

The RI Declaration at paragraphs 7 and 8 seeks to provide evidence of the fact that System One would have terminated Plaintiff, despite the erroneous Felony Conviction, for a recent crime of violence, in accordance with the Hiring Guidelines. The record evidence shows that the Hiring Guidelines required System One to "carefully review" all "crimes of violence" for "**possible** disqualification." ECF 53-14 at 2 (copy of DTE guidelines) at ¶ E.

The first paragraph at page 19 of Defendant's Response (ECF 81) states:

[]Plaintiff's deposition of Ms. Iezzi reveals only that System One and DTE followed a set of hiring guidelines that required her "team" to consider a number of factors together, holistically, when making a decision to approve or decline a job applicant or current employee for work.

Plaintiff respectfully submits that neither the RI Declaration nor Ms. Iezzi's testimony are helpful in understanding System One's application of this holistic factor approach or how it resulted in Plaintiff's termination. The RI Declaration is nothing more than Ms. Iezzi's uncorroborated conclusory argument regarding Plaintiff's termination - in which she was in no way involved and only learned about after the fact.

## ARGUMENT

### 1. Paragraph 8 of the RI Declaration Directly Contradicts Ms. Iezzi's Deposition Testimony and Therefore Should Be Stricken or Disregarded.

The Eleventh Circuit has instructed that a court *may disregard* an affidavit when that affidavit is directly contradicted by deposition testimony *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) (emphasis added). Rivero v. Midtown Towing of Miami, Inc., No. 13-CIV-22211, 2014 WL 12531510, at *3 (S.D. Fla. Dec. 8, 2014).

The second sentence of paragraph 8 of the RI Declaration states:

> Because domestic battery is a crime of violence, the applicable hiring guidelines would have excluded Plaintiff from consideration [for employment with System One] in either case [whether Plaintiff's conviction was a misdemeanor or a felony].

Rebecca Iezzi testified no less than ten (10) times during her deposition that a violent crime conviction is not automatically disqualifying. (ECF 76-7 at pages 8 – 10). Now, Defendant is trying to introduce Ms. Iezzi's declaration contradicting her deposition testimony and saying that any violent crime is automatically disqualifying. This is not what the Hiring Guidelines instruct <u>nor</u> is it what Ms. Iezzi testified was true at her deposition.

The Hiring Guidelines clearly state that: a violent crime conviction does NOT automatically disqualify a candidate from employment. Rather, the Hiring Guidelines require a *careful review* of a multitude of factors, such as, "the nature and **severity** of the crime, the length of time that has passed since the offense occurred, how the crime relates to the worker's proposed job responsibilities, truthfulness and completeness of the worker's disclosure of convictions, and evidence of rehabilitation and subsequent job history". ECF 53-14 at 2 (copy of DTE guidelines) at ¶ F.

## 2.  The RI Declaration Is Disallowed Conclusory Argument and Not Helpful to a Clearer Understanding of Plaintiff's Case.

According to Federal Rule of Civil Procedure 56(e), an affidavit must be stricken when it is a <u>conclusory argument</u> rather than a statement of fact, or when the affidavit is not based on personal knowledge. *See id.* at 1031; *see also Interfase Marketing, Inc. v. Pioneer Technologies Group, Inc.,* No. 91-572-CIV-T-17A, 1993 WL 229601, at *2 (M.D.Fla. June 23, 1993)  *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1216 (5th Cir.1985). <u>Atl. Marine Fla., LLC v. Evanston Ins. Co.</u>, No. 3:08-CV-538-J-20TEM, 2010 WL 1930977, at *1 (M.D. Fla. May 13, 2010). Courts have consistently held that conclusory allegations without specific supporting facts have no probative value. *Gordon v. Terry,* 684 F.2d 736, 744 (11th Cir.1982), *cert. denied,* 459 U.S. 1203, 103 S.Ct. 1188, 75 L.Ed.2d 434 (1983); *Broadway v. City of Montgomery,* 530 F.2d 657, 660 (5th Cir.1976) <u>Evers v. Gen. Motors Corp.</u>, 770 F.2d 984, 986 (11th Cir. 1985).

Neither the RI Declaration nor Ms. Iezzi's deposition testimony provide an explanation or foundation of how the Hiring Guidelines requirement for a "careful review" is undertaken. Instead, paragraphs 7 and 8 of the RI Declaration simply conclude that a recent violent crime conviction caused Plaintiff's termination based on the Hiring Guidelines.  When Ms. Iezzi was

questioned during her deposition regarding the temporal limitations of a "recent" conviction, according to any hiring guideline (EEOC or DTE Energy) Ms. Iezzi could not provide a response. The same was true was Ms. Iezzi was questioned regarding the elements of a "violent" crime.

### Ms. Iezzi Testimony that Plaintiff's Conviction was "Recent"- RI Declaration at Paragraph 7 – is conclusory and unhelpful

The following are excerpts of only a small portion of Ms. Iezzi's deposition testimony regarding System One's adjudication criteria upon which she based her statement in her declaration that Plaintiff's conviction was "recent":

| QUESTION | ANSWER |
|---|---|
| So based on your recollection sitting here today, what does the EEOC guideline say about how old a conviction has to be before it's no longer considered relevant? | I don't recall there being specifics on the time period. (RI Depo. 35: 12- 21) |
| In your practice, how long does it have to be before you consider it [the conviction] no longer relevant? | So again, we would look at the time frame of the conviction in the report, based upon what state it might be in, as well as the client criteria as well. (RI Depo. p 35:24 – 36:7) |
| How long does a conviction have to be before it's no longer considered to be relevant on the basis of System One's criteria? | So, again, we would look at the convictions themselves as well as the time period within those convictions, how many years. We would look at |

7

| | |
|---|---|
| | the criteria from the client. We would look at the EEOC criteria, so it would depend on the time. (RI Depo. p 38:2-12) |
| Which aspect of the EEOC's criteria would guide you in determining how old a conviction has to be before it's no longer considered relevant? | Again, I don't recall a specific time frame for the EEOC. (RI Depo. p. 38: 15 – 22) |
| Was there any written policy from System One where it say if an applicant has a crime of violence within, for example, the last year, he's automatically disqualified from employment at System One? | No, not that I recall. (RI Depo. p. 108: 13 – 17). |
| Was there any verbal instructions provided to you where it said if an applicant has a crime of violence within the last year, he is automatically disqualified from employment at System One? | No, not that I recall. RI Depo. (p. 109: 2 -6) |
| Any written policy in that regard [if an applicant has a crime of violence within, for example, the last year, he's automatically disqualified from employment] from DTE Energy that you're aware of? | No, not that I recall. (RI Depo. p. 109: 8 – 10) |
| Any verbal instruction in that regard [if an applicant has a crime of violence within, for example, the last year, he's automatically disqualified from employment] from DTE Energy that you're aware of? | No, not that I recall. (RI Depo. p. 109: 11 – 13) |

This line of questioning with identical answers continues from pages 37 to 52 in the RI Deposition (ECF 62). Ms. Iezzi was asked repeatedly for criteria

8

regarding adjudication of the "time frame" factor of a conviction's relevance to hiring. She refused to provide any guidance or insight. Accordingly, Defendant does not provide any information regarding System One's multifactor adjudication process and the RI Declaration is not helpful to understanding how System One applied the Hiring Guidelines in Plaintiff's case. Ms. Iezzi's inability and/or unwillingness to explain how the Hiring Guideline factors were applied in Plaintiff's case in order to prove that a misdemeanor conviction alone would have led to Plaintiff's termination renders her declaration of no value.

### Ms. Iezzi Testimony that Plaintiff's Conviction was "Violent"- RI Declaration at Paragraph 7 – is conclusory and unhelpful

The following are excerpts of a small portion of Ms. Iezzi's deposition testimony regarding adjudication criteria upon which she based her statement in her declaration that Plaintiff's conviction was "violent":

| QUESTION | ANSWER |
|---|---|
| How do you know whether a crime is violent or not? | The nature of a crime could be either violent or nonviolent. (RI Depo. p. 53: 15 – 20) |
| What about the nature of the crime do you need to tell whether a crime is violent or not? | So what's the specific conviction, what does it state. (RI Depo. p. 54: 3 – 9) |
| []How do you go about determining whether a crime is violent or not? | Yes, so we would have to look at the crime as it's within a report, a background check report, so we would have to look at what the crime |

|  | is, what's the nature of it, is it – you know, what is that nature of that crime. (RI Depo. p. 54: 11 – 20) |
|---|---|
| [] Were you ever trained on how to determine whether a crime is a violent crime or not? | I don't recall specifically. (RI Depo. p. 54: 23 – 55:5) |
| How do you know that rape is a violent crime? How do you go about figuring that out? | Rape is a violent crime. (RI Depo. p. 73: 13 – 18) |
| How do you know [that rape is a violent crime]? | Rape is a violent crime. (RI Depo. p. 73: 20 – 18) |
| Do you consult a statute? [] Is there reference material that you consult to determine whether a crime is a violent crime? | Again, rape is a violent crime. It's a crime of violence. Rape is a violent crime. (RI Depo. p. 73: 24 – 75:6) |
| I'm asking you whether there's reference material that you consult. | I don't recall. (RI Depo. p. 74: 8 – 13) |
| []Has System One ever provide you any reference material whatsoever to determine whether a crime is a violent crime? | I don't recall. (RI Depo. 74: 15 – 18) |
| Has System One ever provided you with any instructions [to determine whether a crime is a violent crime]? | I don't recall. (RI Depo. 75:18 – 76:1) |
| So looking at the report, is disorderly conduct a violent crime or not? | It depends. (RI Depo. 76:18 - 23) |
| [Disorderly conduct] is that a violent crime, in your opinion? | Again, it depends. (RI Depo. 77:2 – 8) |
| What does it depend on as to whether disorderly conduct is a violent crime or not? | It depends on what is it, what is the disorderly conduct for. (RI Depo. 77: 11 – 17) |
| []Did anybody from you or your team attempt to answer that question when Mr. Clint Hopper's background check was adjudicated? | I don't recall (RI Depo. 77: 20 – 78:1) |
| []Have you ever provided instructions | I don't recall. (RI Depo. 78: 4 – 11) |

| | |
|---|---|
| to Ms. Kim Sterling as to how to determine if a crime is a violent crime or not? | |
| Have you ever provided instructions to Ms. Kim Rygiel as to how to determine whether a crime is a violent crime or not? | I don't recall. (RI Depo. 78: 13 – 19) |
| []In your mind, what constitutes a violent crime? | It depends on the crime itself. (RI Depo. p. 79: 6 – 12) |
| []Is bodily harm to someone always required for the crime to be a violent crime? | No, again, it depends. (RI Depo. p. 80: 15 – 21) |
| Do you recall ever looking at a provision of the EEOC guidelines where they had instructed you as to how to determine whether a crime is violent or not? | I don't recall. (RI Depo. p. 90: 21–91:3) |
| Other than that piece of paper [DTE Hiring Guidelines] was there any other material that was provided to you to let you know whether a crime is a violent crime or not? | I don't recall. (RI Depo. p. 92: 1 - 4) |

Ms. Iezzi's testimony regarding identification of a "violent" conviction is ambiguous and unhelpful. Similar to her testimony regarding the parameters of a "recent" conviction. Accordingly, Ms. Iezzi's declaration at paragraph 7 should be stricken or disregarded

Defendant's Opposition also alleges that Ms. Iezzi did not speak with Ms. Rygiel or Ms. Sterling (Ms. Iezzi still does not know who made the decision to terminate Plaintiff) because "her deposition testimony indicated that she was

familiar enough with Plaintiff's termination that she felt no need to do so". (ECF 81 p. 8 at ¶2) Nowhere in her deposition does Ms. Iezzi proffer to have anything beyond the bare minimum amount of information regarding Plaintiff's case. Ms. Iezzi testified that she "became aware" of what happened to Plaintiff in 2018 (ECF 62 at 186:5 -18). She fails to describe the level of detail with which she was provided or under what circumstances she heard about Plaintiff. She also testified that <u>at some point in time</u> she reviewed the police report that Plaintiff emailed to Kim Sterling (ECF 62 at 178:7 -15). Plaintiff's respectfully submits neither Ms. Iezzi nor the facts in her testimony indicate that she was familiar enough with Plaintiff's termination that she felt no need to reach out to Ms. Sterling or Ms. Rygiel regarding their decision to terminate Plaintiff.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court

strike or disregard paragraphs 7 and 8 of the RI Declaration.

Dated: August 2, 2021                    Respectfully submitted,

                                        **THE FELGIN FIRM, LLC**

                                    /s/ *Leonid Felgin*
                                    Leonid Felgin
                                    *Attorney for Clint Hopper*

                                              **DHF LAW, PC**

                                    /s/ *Devin H. Fok*
                                    Devin H Fok
                                    *Attorney for Clint Hopper*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2021, I filed a true and correct copy of the foregoing with the Court's Electronic Case Filing system, which will send a Notice of Electronic Filing to, and thereby effect service upon, all parties through their counsel of record.

Dated: August 2, 2021

/s/ Leonid Felgin

Leonid Felgin
THE FELGIN FIRM, LLC
Attorney for Clint Hopper


/s/ Devin H. Fok

Devin H Fok
DHF LAW, PC
Attorney for Clint Hopper